UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Terrick Drummond, ) | C/A No. | 5:15-cv-04285-MGL-KDW |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | | ORDER |
| ) | | |
| Spartanburg County, Major Neal Urch, ) | | |
| County Attorney Virginia DuPont, Asley ) | | |
| McCann, Dr. Bonobo, Nurse White, and ) | | |
| Dr. McDonalds, ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the court on the following Plaintiff's Motions: Motion for Counsel, ECF No. 27, Motion for a Subpoena, ECF No. 42, Motion for a Jury Trial, ECF No. 48, Motion for Full Discovery Material, ECF No. 50, Motion for Civil Law Book, ECF No. 51, and Motion for Jury Trial, ECF No. 52. Defendants had not yet appeared when Plaintiff filed his first two motions, and Defendants have not yet responded to any other motions. The undersigned will address each of these motions in turn.[1]

### **Motion for Counsel**

Prior to Defendants' appearance, on January 13, 2016, Plaintiff filed Motion for appointment of counsel. ECF No. 27. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v.*

---

[1] Plaintiff has also filed a Motion to Combine lawsuits. ECF No. 56. Defendants have until March 28, 2016, to respond. The undersigned will wait until Defendants respond to this Motion prior to issuing a ruling.

*Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)). The undersigned finds this case is not an exceptional circumstance warranting appointment of counsel, and Plaintiff's request for appointment of counsel is **denied**.

## Motion for a Subpoena

On February 22, 2016, also prior to Defendants' appearance, Plaintiff filed a Motion for the issuance of a subpoena. ECF No. 42. Though captioned and docketed as a Motion for a Subpoena duces tecum and/or transcript, Plaintiff re-alleges facts, requests an attorney, and asks that the court interfere with his criminal trial. *See id.* Plaintiff is advised that the purpose of issuing a subpoena is to gather information from a non-party in an action. Plaintiff's Motion for a Subpoena, ECF No. 42, **is denied without prejudice**. It is Plaintiff's responsibility to provide the court with the correct name and address of the witness he wishes to subpoena. If Plaintiff re-files this Motion with the court and includes the correct information, the court will instruct the Clerk's Office to issue a subpoena on Plaintiff's behalf. A Subpoena Form (AO 88B) is attached to this Order to aid Plaintiff in his request.

## Motions for a Jury Trial

Plaintiff has filed two motions for a jury trial. ECF Nos. 48, 52. **Plaintiff's Motions for a jury trial in this action are granted.** The clerk is instructed to supplement Plaintiff's Complaint with these motions to reflect Plaintiff's desire to proceed with a jury trial. Plaintiff is advised that prior to trial by jury, the parties must first engage in discovery, and thereafter the parties will be allowed time to submit motions with the court pursuant to the scheduling order that was issued

on February 23, 2016. ECF No. 45. However, it is not guaranteed that Plaintiff's action will go to a jury trial because Defendants may file and the court may grant a dispositive motion which would end Plaintiff's case prior to trial.

## Motion for Full Discovery

On February 29, 2016, Plaintiff filed a Motion for full discovery. ECF No. 50. There, Plaintiff requests a number of documents, including "anything that has to do with I Edward Drummond." *Id.* **Plaintiff's Motion for full discovery material is denied**. Plaintiff is instructed that he must comply with the Federal Rules of Civil Procedure, particularly Rules 33 and 34, when engaging in discovery. The rules require Plaintiff direct discovery documents to Defendants and serve Defendants with his discovery requests directly. Should either party reach an impasse with discovery, only then should the party seek the court's involvement in resolving a discovery dispute.

## Motion for Civil Law Book

Plaintiff requests that the court provide him with a Civil Law Book. ECF No. 51. **Plaintiff's request for a Civil Law Book is denied.** The court does not have authority to provide parties with rule books. Moreover, Plaintiff should have access to the law library where he should be able to find helpful materials to proceed with his case.

IT IS SO ORDERED.

March 14, 2016                                                                Kaymani D. West
Florence, South Carolina                                            United States Magistrate Judge

3