IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, #367456, ) | C/A No. | 5:15-cv-04285-MGL-KDW |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | ORDER | |
| Major Neal Urch, Director; County ) | | |
| Attorney Virginia DuPont; Asley McCann; ) | | |
| Sgt. Thomas, Nurse White; and Dr. ) | | |
| McDonalds, ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on the following Motions of Plaintiff: Motion for a $1 Million Liability Cap, ECF No. 72; Motion for Discovery, ECF No. 78; Motion to Compel, ECF No. 79; Motion to Amend/Correct Complaint, ECF No. 83; and Motion for Punitive Damages and Against a Municipality, ECF No. 86. The undersigned will address each of Plaintiff's Motions in turn.

A. Plaintiff's Motion for a $1 Million Liability Cap, ECF No. 72

In his Motion, Plaintiff requests that the court add Dr. McDonald as a Defendant to this action. ECF No. 72 at 1. Additionally, Plaintiff requests a $1 million liability cap and cites to certain sections of the South Carolina Code. *Id.* In Response, Defendant McDonald represents that he has already filed an answer to Plaintiff's Complaint where he denied all allegations. ECF No. 85. Additionally, Defendant McDonald objects to Plaintiff's Motion for a $1 Million Cap. *See id.*

1

The portion of Plaintiff's Motion seeking to add Dr. McDonald as a Defendant is denied as moot because he is already a party to this action who has made an appearance. To the extent Plaintiff is *alleging* $1 million in damages, the court grants Plaintiff's motion. However, Plaintiff is advised that while he is allowed to allege certain damages the court is making no ruling at this time on his request regarding a "$1 million liability cap." Therefore, Plaintiff's Motion, ECF No. 72, is granted in part and denied in part.

B.  Motion for Discovery, ECF No. 78

On April 10, 2016, Plaintiff filed a Motion for Discovery. ECF No. 78. Defendants did not file a Response to Plaintiff's Motion. In his Motion, Plaintiff requests "full discovery material and interrogatories. . . ." *Id.* The nature of Plaintiff's request is unclear. Plaintiff is required to comply with the Federal Rules of Civil Procedure ("FRCP") pertaining to discovery. Specifically, Plaintiff is directed to review and comply with the requirements of Rules 33 and 34 of the FRCP. Plaintiff is instructed that he should not seek the court's involvement in discovery unless and until a dispute arises between the parties concerning discovery. Therefore, Plaintiff's Motion, ECF No. 78, is denied.

C.  Plaintiff's Motion to Compel, ECF No. 79

On April 19, 2016, Plaintiff filed a Motion to "compel court to take action for contemp[t] and or perjury on Ashley McCann due to [an] unethical report." ECF No. 79. Defendants, with the exception of Defendant McDonald, responded and represent that they are "unaware of any sworn document submitted to the Court from [Defendant McCann] which would be the basis of Plaintiff's assertion that she has lied or perjured herself." ECF No. 89. Defendant McDonald also responded to Plaintiff's Motion "[o]ut of an abundance of caution" and represents that he is not "involved in the matters under consideration." ECF No. 90.

It appears to the court that a factual dispute has arisen between Plaintiff's version of events that occurred in 2013 and Defendants' version of events. Without opining or ruling on whether this dispute concerns a matter in this case, the court advises Plaintiff that it is noting his disagreement concerning the attachment to his Motion. However, Plaintiff's Motion, ECF No. 79, is otherwise denied.

D. Plaintiff's Motion to Amend/Correct Complaint, ECF No. 83

On April 25, 2016, Plaintiff filed a Motion requesting additional time, five extra days, to serve the five parties with a copy of the subpoena. ECF No. 83. Additionally, Plaintiff moves to amend his Complaint in order to assert new allegations against Defendants. *See id.* Finally, Plaintiff requests two subpoenas. *Id.* at 4.

Defendant McDonald responded to Plaintiff's Motion and objects to the portion of Plaintiff's Motion where he requests to amend his Complaint because Defendant McDonald has already filed an answer and moved for Summary Judgment. ECF No. 99. Defendant McDonald represents that the portion of Plaintiff's Motion directed at the issuance of subpoenas to Dr. Edmond Higgins and others "is untimely and will not lead to the discovery of any relevant evidence related to Dr. McDonald." *Id.* at 2.

The portion of Plaintiff's Motion requesting additional time to serve Defendants copies of subpoenas is granted. However, the portion of Plaintiff's Motion requesting to amend his Complaint is denied. The deadline for filing an amendment to his Complaint ended on March 23, 2016. *See* ECF No. 45. Furthermore, Plaintiff is asserting allegations against a non-party to this action which appear to be an entirely separate matter. Moreover, Defendant McDonald has already filed a Motion for Summary Judgment in this matter. *See* ECF No. 68. Consequently, the portion of Plaintiff's Motion requesting issuance of subpoenas is also denied because the

information Plaintiff seeks is irrelevant to the causes of action in his Complaint. Therefore, Plaintiff's Motion, ECF No. 45, is granted to the extent he seeks additional time to serve Defendants with copies of subpoena he has already served and denied to the extent he seeks to amend his Complaint and serve additional subpoenas.

E.  Plaintiff's Motion for Punitive Damages and Against a Municipality, ECF No. 86.

On April 28, 2016, Plaintiff filed a Motion for punitive damages and a "motion against a municipality." ECF No. 86. Defendant McDonald filed a Response to Plaintiff's Motion on May 12, 2016. ECF No. 103. To the extent Plaintiff is *alleging* he is entitled to punitive damages, the court grants Plaintiff's motion. However, Plaintiff is advised that while he is allowed to allege certain damages the court is making no ruling at this time on his request regarding punitive damages. Plaintiff's Motion against a municipality is denied for vagueness.  Further, to the extent Plaintiff requests to sue a municipality, this request is denied as untimely. Therefore, Plaintiff's Motion, ECF No. 86, is granted in part and denied in part.

**IT IS SO ORDERED.**

May 23, 2016						Kaymani D. West
Florence, South Carolina				United States Magistrate Judge