UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, | ) | C/A No.: 5:15-cv-04285-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Major Neal Urch, Director; County Attorney Virginia DuPont, "Ginny"; Asley McCann, Legal; Sgt Thomas; Nurse White; and Dr. McDonalds, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on several Motions filed by Plaintiff. The undersigned will address these motions in turn.

1. Plaintiff's Motion to Strike, ECF No. 88

On May 4, 2016, Plaintiff filed a Motion to Strike a submission concerning Defendant McCann's Report to Sheriff and Neal Urch. ECF No. 88. Plaintiff's Motion is **denied**. All parties are permitted to submit evidence in support of their motions and other arguments to the court, and Plaintiff has failed to state a valid/legal reason for the court to not consider Defendants' submission. Furthermore, credibility determinations are left for the jury's consideration.

2. Plaintiff's Motion for full medical report, full discovery, and full interrogatories, ECF No. 93, Plaintiff's Motion for issuance of Subpoena, ECF No. 112, Plaintiff's Motion for Copy of Federal Rules of Civil Procedure, ECF No. 126

On May 9, 2016, Plaintiff filed a Motion for full medical report, full discovery, and full interrogatories, ECF No. 93. Plaintiff's Motion is **denied**, and the court directs Plaintiff's attention to a previous order in this case dealing with a nearly identical motion. *See* ECF No. 110, Section "B. Motion for Discovery."

On May 23, 2016, Plaintiff filed a Motion for a Subpoena requesting his full medical report from North Hill Medical. ECF No. 112. Plaintiff's Motion for Subpoena is **granted**, and the clerk is instructed to issue the subpoena on Plaintiff's behalf. Within 5 days of receiving the subpoena, Plaintiff is instructed to serve the party to the subpoena with a copy of the subpoena and is also instructed to serve Defendants with a copy of the subpoena in accordance with Rule 45 of the Federal Rules of Civil Procedure.

On June 2, 2016, Plaintiff filed a Motion for a Copy of the Federal Rules of Civil Procedure. ECF No. 126. Plaintiff's Motion is **denied**, and the court directs Plaintiff's attention to a previous order in this case dealing with a nearly identical motion. *See* ECF No. 57, Section on "Motion for Civil Law Book."

The Court has taken much time to handle all of Plaintiff's Motions in due course, and Plaintiff is instructed to review the previous orders of this Court rather than file identical Motions on issues the Court has already considered.

3. Plaintiff's Motion for Sanctions, ECF No. 101

On May 11, 2016, Plaintiff filed a "Motion for Penalties of Perjury" and requests that the Court order sanctions or hold the par[ties] in contempt of court!" ECF No. 101. Plaintiff's Motion is **denied**. The Federal Rules of Civil Procedure allow the imposition of sanctions when a party disobeys a court order. *See e.g.*, Rule 16(f), 37(b)(2)(A), 37(b)(2)(C). However, in this instance, the court is not faced with an allegation or evidence that any party has failed to comply with an order of the court. Plaintiff has requested a jury trial, and credibility determinations are for the jury to determine.

4. Plaintiff's Motion for Conspiracy and § 15-78-100, special verdict, liability of multiple defendants (specifying propor[tionate] liability), ECF No. 108, and Plaintiff's Motion to

Amend due to extraordinary circumstances of the powerful drug "seroquel," ECF No. 119

On May 18, 2016, Plaintiff filed a motion making several requests of the Court. ECF No. 108. To the extent Plaintiff is attempting to allege a cause of action for conspiracy, that part of the Motion is **denied** as the deadline for filing an amendment to his Complaint ended on March 23, 2016. *See* ECF No. 45. The portion of Plaintiff's Motion requesting a special verdict and specifying the proportionate liability for each Defendant is **denied without prejudice**. Should Plaintiff's civil action proceed to trial, the court will reconsider Plaintiff's requests at that time.

On May 27, 2016, Plaintiff filed a Motion alleging that a Defendant and co-conspirators engaged in a conspiracy. ECF No. 119. Plaintiff also alleges that Defendants were deliberately indifferent to his medical needs. *See id.* Plaintiff's request to raise additional causes of action and allege additional facts against Defendants is **denied**. As indicated in the above paragraph, the deadline to file amendments to his Complaint ended on March 23, 2016.

5. Plaintiff's Motion to Seal, ECF Nos. 109, 118

On May 18, 2016, Plaintiff filed what he captioned as a "Motion to protect[t] and or seal my (whistle Blower) § 8-27-10(5)." ECF No. 109. There Plaintiff alleges that he knows an officer who "will tell the court the truth about the (BMU unit), [and] the 4 horsemen a (group of officer[s])." *Id.* However, Plaintiff requests the court's help in protecting the officer and the officer's job. *Id.* Additionally, in another Motion Plaintiff makes a similar request. *See* ECF No. 118. Plaintiff's Motion to Seal is denied. Though the court has the authority to file certain documents containing sensitive information under seal, this only protects the documents from public viewing. Under the Federal Rules of Evidence and Federal Rules of Civil Procedure, the opposing side has the authority to view documents presented, cross-examine witnesses, and

conduct inquiries in order to prepare its case. Therefore, Plaintiff's Motions, ECF No. 109 and the portion of Plaintiff's Motion ECF No. 118 pertaining to protection for his "whistleblower," are **denied**.

6. Plaintiff's Motion for Mediation, ECF No. 118

On May 27, 2016, Plaintiff filed a Motion requesting the court order that a neutral third party facilitate fair settlement discussions. ECF No. 118. Plaintiff's Motion is **denied without prejudice**. At this stage in the litigation process, the court has not instructed that the parties conduct mediation. Furthermore, should the court instruct the parties to engage in mediation, that instruction would occur after the court has issued a Report and Recommendation on any dispositive motions filed and after the District Court has considered the undersigned's forthcoming recommendations. Accordingly, Plaintiff's Motion for Mediation is denied as premature.

7. Plaintiff's Motion to Appoint Counsel

Plaintiff also filed a Motion to Appoint Counsel on June 3, 2016. ECF No. 129. Plaintiff's Motion is **denied**. There is no right to appointed counsel in a § 1983 case. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). Although the court has discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision) (quoting *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)).

The undersigned finds this case is not an exceptional circumstance warranting appointment of counsel and Plaintiff has competently represented himself in this case and filed numerous motions on his own behalf.

    IT IS SO ORDERED.

July 1, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge