UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Drummond, | ) | C/A No.: 5:15-cv-04285-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Major Neal Urch, Director; County Attorney Virgina DuPont; Asley McCann, Legal; Sgt. Thomas; Nurse White; and Dr. McDonald, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendants violated his constitutional rights. This matter is before the court on Defendant McDonald's Motion to Dismiss and Motion for Summary Judgment filed on April 8, 2016. ECF No. 68. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on April 8, 2016, advising Plaintiff of the importance of such a motion and of the need for him to file an adequate response. ECF No. 70. This matter is also before the court on Defendants Major Neal Urch, County Attorney Asley McCann, Sgt. Thomas, and Nurse White's Motion for Summary Judgment. ECF No. 150. The court entered another *Roseboro* order on July 5, 2016, advising Plaintiff of the importance of such a motion and of the need for him to file an adequate response. ECF No. 153. Plaintiff filed a Response in Opposition to Defendant McDonald's Motion for Summary Judgment on May 4, 2016, ECF No. 87, and a Supplement to his Response on May 9, 2016, ECF No. 92. Plaintiff filed a Response to the other Defendants' Motion for Summary Judgment on August 5, 2016. ECF No. 163. Plaintiff also filed "Additional

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Attachments" to this Response on August 8, 2016, August 31, 2016, and September 1, 2016. ECF Nos. 166, 172, 173. On August 22, 2016, Plaintiff filed his own Motion for Summary Judgment. ECF No. 169. On September 9, 2016, Defendant McDonald filed a Response to Plaintiff's Motion. ECF No. 176. Additionally, this matter is before the court on Plaintiff's Request to have a heart test completed by a third-party doctor filed on December 8, 2016. *See* ECF No. 184. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because these Motions are dispositive, a Report and Recommendation ("R&R") is entered for the court's review.

I.  Background

Plaintiff Edward Drummond is currently an inmate in SCDC's Allendale Correctional Institution ("ACI"). Before his convictions, Plaintiff was a pre-trial detainee at the Spartanburg County Detention Facility ("SCDF"), and Plaintiff's lawsuit arises out of the conditions of his confinement while housed at SCDF. ECF No. 1. Plaintiff raised four main causes of action under § 1983 in his Complaint identified as "Claim 1;" "Claim 2;" Claim 3;" and "Claim 4." *See id.* However, upon initial review of Plaintiff's pro se Complaint, the undersigned recommended that Claims 1, 2, and 4 be dismissed because they failed to state plausible § 1983 claims. *See* ECF No. 22. Concerning "Claim 3," the undersigned recommended the district court dismiss Plaintiff's Complaint against Spartanburg County and Dr. Bonobo. *Id.* at 12. However, the undersigned found Claim 3 allegations were "sufficient to state facially plausible medical-indifference and deliberate-indifference-to-inmate-safety claims against the remaining Defendants." *Id.* On April 21, 2016, the district court adopted the R&R and dismissed Claims 1,

2, and 4 without prejudice against Defendants. ECF No. 80.[2]

In Claim 3, the sole remaining allegation in his Complaint, Plaintiff maintains that he was arrested on March 23, 2015, and entered Spartanburg County Jail. ECF No. 1 at 4. Plaintiff maintains that he repeatedly requested medications for his blood pressure and pain. *Id.* Plaintiff alleges that as a result of not receiving medications, he was rushed to Spartanburg Regional Hospital on April 30, 2015. *Id.* Plaintiff maintains that he could have had a stroke and died from not receiving necessary medications. *Id.*

Plaintiff maintains he blacked out and broke three teeth on or about June 28, 2015. *Id.* at 7. Additionally, Plaintiff alleges that he hurt his upper back and jaw, and his blood pressure was very high so he was taken to the Emergency Room for a second time. *Id.* Further, Plaintiff represents that he bled out of his ear for five days and only got x-rays a full 24 days later. *Id.* at 7-8. Specifically, Plaintiff maintains he returned to the Emergency Room for the third time on July 20, 2015. *Id.* at 8. As a result, Plaintiff alleges his hearing is "muffled" in the right ear. Moreover, Plaintiff alleges he bled out of his mouth for 73 straight days. *Id.* Plaintiff represents that he finally went to Palmetto Denture for his mouth issues. *Id.* at 9. Plaintiff includes several SCDF Inmate Request forms, SCDF Grievance forms, and medical records with this Complaint.

---

[2] After the district court adopted the January 6, 2016 R&R, Plaintiff filed a Motion to Appeal. *See* ECF No. 96. The district court denied Plaintiff's Motion to Appeal, indicating "the Fourth Circuit's jurisdiction is limited to consider only final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. 1292. Neither the Order, which the Court filed on April 21, 2016, [ECF No. 80], nor the Report and Recommendation, which the Magistrate Judge filed on January 6, 2016, [ECF No. 22], fit into any of these three categories." ECF No. 97. The district court construed Plaintiff's Motion to Appeal as a Motion to Amend his Complaint and deferred "to the Magistrate Judge's wise discretion as whether to grant any portion of the Plaintiff's Motion to Amend." *See id.* The undersigned denies Plaintiff's Motion to Amend, ECF No. 96, as futile and redundant. Plaintiff has re-stated the allegations in his "Motion Right to

*See id.* at 15-49. For his Claim 3, Plaintiff seeks $500,000 in damages and $50,000 in stock options for damages. *Id.* at 50. Since filing his action, Plaintiff moved to amend his Complaint and filed two Motions for a Jury Trial. ECF Nos. 48, 52. The court granted Plaintiff's Motions, and they were attached as Supplements to the Complaint. *See* ECF No. 57.

II. Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Analysis

    A. Defendant McDonald's Motion for Summary Judgment, ECF No. 68

        1. Medical Indifference

---

Appeal" in several court filings in both this action and in civil action 5:15-cv-04713-MGL-KDW.

In his Motion, Defendant McDonald argues that Plaintiff's allegation that he failed to provide adequate medical care and treatment does not state a cause of action under 42 U.S.C. § 1983. ECF No. 68-3 at 2. Specifically, Defendant McDonald argues that the allegations in Plaintiff's Complaint do not rise to the level of deliberate indifference which would constitute cruel and unusual punishment and give rise to a § 1983 action. *Id.* at 3. In Response, Plaintiff maintains that medical treatment was ordered for a bruise on Plaintiff's thumb, but Plaintiff represents he never received treatment "including application of ice or ibuprofen." ECF No. 87 at 2. Additionally, Plaintiff represents that he was suffering from very high level blood pressure issues that were discovered in 2013. *Id.* Plaintiff maintains he asked that his blood pressure medications be changed upon re-entry to SCDF but was not helped with his request until August 12, 2015. *Id.* Plaintiff largely reiterates allegations from his Complaint in the remainder of his Response. *See id.* at 2-5. In his Supplement, Plaintiff represents that Defendant McDonald and co-workers treated Plaintiff for high blood pressure, but upon his re-entry certain medical records demonstrating he is suffering from a serious medical condition have vanished. ECF No. 92. Additionally, Plaintiff represents that a mental health professional told him that a psychiatric tranquilizer was not good for Plaintiff's nerve issues and that alone "is ordinary negligence of [Plaintiff's] safety." *Id.* at 2.

To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, a plaintiff must present evidence sufficient to create a genuine issue of fact that the defendant was deliberately indifferent to his serious medical need.[3] *Farmer*

---

[3] The Fourth Circuit has held that in 42 U.S.C. § 1983 actions the deliberate indifference standard is the same for inmates as it is for pretrial detainees. *Patten v. Nichols*, 274 F.3d 829, 834-35 (4th Cir. 2001).

*v. Brennan*, 511 U.S. 825, 832-35 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846.  An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] . . . by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The Fourth Circuit Court of Appeals defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted).  A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

In his Complaint, Plaintiff alleges that he experienced pain and high blood pressure while housed at SCDF. ECF No. 1 at 4. Plaintiff alleges that because he was denied necessary medications he had to go to Spartanburg Regional Hospital on April 30, 2015, where he could have had a stroke and died. *Id.* Other than his high blood pressure, Plaintiff maintains he has experienced broken teeth, injured his upper back and jaw, and bled out of his ear for a prolonged period of time. *See id.* at 7-8.

In support of his Motions, Defendant McDonald attached his own affidavit and

6

represents that he is a licensed medical doctor with the State of South Carolina and works on a contractual basis with SCDF. ECF No. 68-1 ¶ 1-2. In his affidavit, Defendant McDonald recalls eight medical encounters beginning August 9, 2015, though February 8, 2016, where he or another staff member assessed Plaintiff's medical condition, checked his blood pressure, altered his medications, and gave Plaintiff over-the-counter medicine for health issues. *See id.* ¶ 4; 68-2. Defendant McDonald attests that each time he became aware of one of Plaintiff's medical issues, he evaluated and treated the problem. *Id.* ¶ 5. Plaintiff's medical records are included as an attachment to Defendant McDonald's affidavit, and these records confirm Defendant McDonald's representations. ECF No. 68-2. These medical records also indicate Plaintiff was prescribed several medications and was regularly seen and assessed by Defendant McDonald or other medical staff during his time as a pre-trial detainee. *See id.* Specifically, Plaintiff's blood pressure and mental health were closely monitored. *See id.* Moreover, "chart notes" beginning April 27, 2015, and ending February 10, 2016, indicate Plaintiff was assessed at least thirty times for various ailments. *Id.* at 24-26.

Although Plaintiff may disagree with the amount of treatment he received or may object to the care that the medical staff gave him, such allegations do not constitute a constitutional deprivation. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). To the extent Plaintiff argues that the medical staff subjectively failed to treat or alleviate his "extreme pain and suffering," such a claim is more akin to a claim of neglect or malpractice and does not meet the standard for a plausible claim under § 1983. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). As the *Wright* court articulated:

> Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983. The standard for § 1983 liability is deliberate indifference to serious medical needs. Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.

*Id.* (internal citations omitted). The undersigned finds that the record does not contain facts that demonstrate Defendant McDonald knew of and disregarded Plaintiff's serious medical needs. Rather, the record demonstrates that Defendant McDonald regularly ensured that Plaintiff's medical needs were met and that Plaintiff was regularly assessed by medical personnel either within the facility or at a hospital. Moreover, Plaintiff uses the term "medical negle[c]t" at least three times in his Complaint. ECF No. 1 at 2, 6, 9. To the extent Plaintiff brings a cause of action for neglect, the undersigned finds this allegation does not rise to the level of a plausible § 1983 claim. To the extent Plaintiff has raised a cognizable § 1983 claim, Plaintiff has failed to demonstrate he is at risk based on his medical state. Therefore, the undersigned recommends that Defendant McDonald be granted summary judgment on Plaintiff's purported medical indifference claims.

### 2. Qualified Immunity

Defendant McDonald asserts that he is entitled to qualified immunity on Plaintiff's claims. ECF No. 63-3 at 6-9. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that Defendant McDonald performed the discretionary functions of his respective official duties in an objectively reasonable fashion. Defendant McDonald did not transgress any statutory or constitutional rights of Plaintiff that he was aware of in the exercise of his respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant McDonald be granted qualified immunity.

      3.     State Law Claims

Defendant McDonald argues he "is entitled to a dismissal on the grounds that no genuine issue of fact exists as to any potential claim for improper medical treatment under state law." ECF No. 68-3.

In addition to his purported § 1983 claims, Plaintiff appears to bring separate state-law claims for medical malpractice. *See* ECF No. 1. If the court accepts this R&R, the only claims within the court's original jurisdiction will be dismissed. Without Plaintiff's § 1983 claims, Plaintiff's sole remaining causes of action are based on the court's supplemental jurisdiction. Section 1367(c)(3) of Title 28 of the United States Code provides that the district courts "may decline to exercise supplemental jurisdiction [as to claims forming the same case or controversy as those within the court's original jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction[.]" Trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (district court did not abuse its discretion in declining to retain jurisdiction over the state law claims); *See also, e.g., United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966); *Addison v. Chesterfield Cty. Sheriff Dep't*, No. 4:12–CV–02543–RBH, 2013 WL 6799223, at *3 (D.S.C. Dec. 20, 2013) (declining to exercise supplemental jurisdiction over state-law claims upon granting summary judgment as to § 1983 claim); *Wauben v. Protega (USA), Inc.*, No. 2:05–2780–PMD–RSC, 2007 WL 775614, at *14 (D.S.C. Mar. 9, 2007) (same in Title VII matter).

Here, the undersigned recommends the court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss those claims without prejudice to them being filed in state court, thus ending this action against Defendant McDonald.

    B.    Remaining Defendants' Motion for Summary Judgment[4]

---

[4] The remaining Defendants include several sections in their Motion that are unnecessary to address. As previously mentioned, "Claim 3" of Plaintiff's Complaint is Plaintiff's only remaining cause of action. This cause of action concerns a § 1983 allegation of medical

1. Medical Indifference

In their Motion, Defendants argue "Plaintiff has not stated a constitutional deprivation sufficient for recovery under 42 U.S.C. § 1983." ECF No. 150-1 at 3. Within the section of their memorandum entitled "Deliberate Indifference to Medical Needs," Defendants argue Plaintiff's § 1983 medical indifference claim fails because the named Defendants were not charged with affording Plaintiff medical care. *Id.* at 6. Additionally, Defendants argue medical records demonstrate that "Plaintiff's complaints were timely addressed by both the SCDF Medical Director, who used his medical judgment and prescribed appropriate medication to treat Plaintiff's medical conditions, as well as the SCDF nursing staff who administered those medications as prescribed." *Id.* at 6-7.

The undersigned recommends that the portion of Plaintiff's Complaint pertaining to "medical negle[c]t" be dismissed because Plaintiff fails to state a claim for medical indifference. Though Plaintiff alleges he is experiencing health issues, he uses the term "medical negle[c]t" at least three times in his Complaint and largely does not allege that Defendants have acted or are acting with deliberate indifference toward his medical needs. *See* ECF No. 1 at 2, 6, 9. Therefore, the undersigned recommends dismissing Plaintiff's purported medical negligence claim for failure to allege a constitutional violation under the Eighth Amendment.

However, to the extent the district court finds Plaintiff alleges a constitutional deprivation, the undersigned recommends Plaintiff's purported medical indifference claim be dismissed. To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, a plaintiff must present evidence sufficient to create a genuine

---

indifference. Therefore, the undersigned will only address the section of these Defendants'

issue of fact that the defendant was deliberately indifferent to his serious medical need. *Farmer*, 511 U.S. at 832-35; *Wilson,* 501 U.S. at 297; *Estelle*, 429 U.S. at 104-05. Deliberate indifference to a serious medical need requires proof that each defendant knew of and disregarded the risk posed by the plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 846.  An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] . . . by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d at 851. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. The Fourth Circuit Court of Appeals defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241.  A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth*, 834 F.2d at 347.

As discussed in previous sections, *see supra* sections (I); (III)(A)(1), in his Complaint, Plaintiff alleges that he experienced pain and high blood pressure while housed at SCDF. ECF No. 1 at 4. Plaintiff alleges that because he was denied necessary medications he had to go to Spartanburg Regional Hospital on April 30, 2015, where he could have had a stroke and died. *Id.* Other than his high blood pressure, Plaintiff maintains he has experienced broken teeth, injured his upper back and jaw, and bled out of his ear for a prolonged period of time. *See id.* at 7-8.

In support of their Motion for Summary Judgment, Defendants attached the affidavit of

---

Motion that concerns Claim 3 for medical indifference.

Defendant White, the Medical Administrator at SCDF. *See* ECF No. 150-2 ¶ 1. Defendant White attests that she reviewed Plaintiff's medical records and assisted in responding to his requests to staff. *Id.* ¶ 2. Additionally, Defendants attached the affidavit of Defendant Urch, the Director of SCDF, in support of their Motion for Summary Judgment. *See* ECF No. 150-4. Defendant Urch attests that Plaintiff recently stayed at SCDF from March of 2015, to March of 2016, while he was awaiting trial on criminal charges. *Id.* ¶ 3. Plaintiff's medical records are included as an attachment to Defendant Urch's affidavit and indicate that Plaintiff was examined on March 24, 2015. ECF No. 152 at 2. Plaintiff's height, weight, and blood pressure are recorded on the "Inmate Health Assessment" and a "laceration to top side of lip" is also noted on the form. *Id.* These medical records also indicate Plaintiff was seen by a nurse on April 6, 2015, and April 21, 2015, and his blood pressure was taken and recorded. ECF No. 152-1 at 17, 20. Additionally, Plaintiff was admitted to Spartanburg Regional Medical Center on April 21, 2015, as an outpatient and was admitted to Spartanburg Regional Emergency Center on June 28, 2015. ECF No. 152-2 at 8; 152-5 at 14. A July 20, 2015 Radiology report indicates that Plaintiff's neck and spine were examined with the following findings: "There is a mild reversal normal cervical curvature. Alignment is otherwise unremarkable. No fracture, vertebral compression or bony abnormality. No disc space narrowing. No foraminal narrowing. No prevertebral soft tissue swelling." ECF No. 152-6 at 14. These medical records also indicate Plaintiff was prescribed several medications and had at least monthly appointments for his mental health during his time as a pre-trial detainee. *See* ECF No. 152-3. Additionally, Plaintiff regularly saw a nurse for medical treatment during his time as a pre-trial detainee. *See* ECF No. 152-4; 152-5.

Although Plaintiff may disagree with the amount of treatment he received or may object

13

to the care that the medical staff gave him, such allegations do not constitute a constitutional deprivation. *See Brown*, 868 F. Supp. 326 (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). To the extent Plaintiff argues that the medical staff subjectively failed to treat or alleviate his "extreme pain and suffering," such a claim is more akin to a claim of neglect or malpractice and does not meet the standard for a plausible claim under § 1983. *Wright*, 766 F.2d at 849. As the *Wright* court articulated:

> Negligence or malpractice in the provision of medical services does not constitute a claim under § 1983. The standard for § 1983 liability is deliberate indifference to serious medical needs. Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged.

*Id.* (internal citations omitted). The undersigned finds that the record, including all of Plaintiff's submissions, does not contain facts that demonstrate Defendants knew of and disregarded Plaintiff's serious medical needs. *See* ECF Nos. 163, 166, 172, 173. Rather, the record demonstrates that SCDF staff regularly ensured that Plaintiff's medical needs were met and that Plaintiff was regularly assessed by medical personnel either within the facility or at a hospital. Thus, Plaintiff has failed to demonstrate he is at risk based on his medical state. Therefore, the undersigned recommends that Defendants be granted summary judgment on Plaintiff's purported medical indifference claims.

### 2.     Qualified Immunity

Defendants argue they are entitled to dismissal of this case because they are shielded by qualified immunity. ECF No. 150-1 at 10. Though Defendants deny that "any of the policies,

procedures, and practices complained of by Plaintiff give rise to a constitutional deprivation," they maintain that "qualified immunity insulates [them] from liability in this suit." *Id.*

The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 230-33. The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish*, 372 F.3d at 301-03. "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds

that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

C.   Plaintiff's Motion for Summary Judgment

On August 22, 2016, Plaintiff filed a Motion for Summary Judgment. ECF No. 169. There, Plaintiff argues he experiences medical conditions that mandated treatment but Defendants banded together to hinder, prevent, delay and obstruct his treatment. *See id.* Defendant McDonald responded to Plaintiff's Motion on September 9, 2016, and argues that Plaintiff's Motion is untimely while craving reference to the arguments in his previous filing, ECF No. 68. The undersigned considered Plaintiff's summary judgment arguments when evaluating Defendants' Motions for Summary Judgment. Based on the above analysis, the undersigned recommends Plaintiff's Motion for Summary Judgment, ECF No. 169, be denied because there is no genuine issue of fact concerning violations of Plaintiff's constitutional rights.

D.   Plaintiff's Motion for Review of Heart Exam, ECF No. 184

On December 8, 2016, Plaintiff filed a Motion to have a heart test performed by Spartanburg Regional ER reviewed by a third-party doctor. ECF No. 184. In his Motion, Plaintiff asserts that the diagnosis made by Spartanburg Regional that he "has no problems or issues with [his] heart" is a lie. *See id.* at 1. Plaintiff also requests to have Spartanburg Regional added as a defendant to this action, and moves to have a doctor look at the June 28, 2015 heart exam. *Id.*

Plaintiff's request to add Spartanburg Regional as a defendant is denied because the time to make amendments to his Complaint ended on March 23, 2016. *See* ECF No. 45. Other than this amendment, Plaintiff appears to be requesting that his test results be reviewed in an attempt

16

to bolster his claims of medical indifference or, alternatively, Plaintiff could be requesting injunctive relief. Plaintiff's request that a third-party review test results, to the extent it relates to discovery, is denied. Discovery in this matter ended on April 25, 2016. *See* ECF No. 45. To the extent Plaintiff is requesting injunctive relief by seeking the court's involvement in procuring review of his medical records, the undersigned recommends Plaintiff's request for a third-party doctor's examination be denied.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Smith v. Ozmint*, 444 F. Supp. 2d at 504. A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motion should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, in his Complaint, Plaintiff does not allege facts that indicate Defendants are acting with deliberate indifference to his medical needs. Further, facts do not indicate that Plaintiff's health

is in imminent danger, and Plaintiff has not offered any evidence to support his claims. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion, ECF No. 184, be denied.

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant McDonald's Motion to Dismiss/Motion for Summary Judgment, **ECF No. 68, be granted**, the other Defendants' Motion for Summary Judgment, **ECF No. 150, be granted**, Plaintiff's Motion for Summary Judgment, **ECF No. 169, be denied,** Plaintiff's Motion for a Third-Party Doctor Examination, **ECF No. 184, be denied,** and Plaintiff's case against Defendants be dismissed.[5]

IT IS SO RECOMMENDED.

*/s/ Kaymani D. West*

---

[5] The following Motions are still pending as of the date this R&R is entered: Plaintiff's Motion for Special Verdict/Partial Summary Judgment, ECF No. 127; Plaintiff's Motion to Amend, ECF No. 164; Plaintiff's Motion for Amendments before trial, ECF No. 168; Plaintiff's Motion to Amend/Correct his Response in Opposition to Summary Judgment, ECF No. 170. In his Motion for Partial Summary Judgment, ECF No. 127, Plaintiff requests that Defendant McDonald be dropped as a party to this action. The undersigned recommends the district court grant Plaintiff's request to dismiss Defendant McDonald as a party and has already recommended Defendant McDonald be granted Summary Judgment. However, the undersigned recommends that the remaining requests in Plaintiff's Motion, ECF No. 127, be denied based on the reasoning in this R&R. Plaintiff's pending Motions to Amend, ECF Nos. 164, 168, are denied as untimely and moot. Finally, Plaintiff seeks to amend his Complaint and amend his response to summary judgment. ECF No. 170. Plaintiff's final motion, ECF No. 170, is denied to the extent Plaintiff seeks to amend his Complaint and granted to the extent Plaintiff seeks to amend his Response to Summary Judgment. The undersigned has considered Plaintiff's Amended Response in addition to Plaintiff's other Responses to Summary Judgment when ruling on Defendants' Motions for Summary Judgment.

December 16, 2016                                              Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**